Frost, J.
delivered the opinion of the Court.
The only points which have been urged in the argument are, that the defendant’s covenant is void, because made to a married woman; and if not void, that the interest in the covenant vested in Hawkins, the first husband of Mrs. Tuttle, jure mariti, and the action should have been brought by his legal representative.
It is no defence to an action on a bond or note, that it is made payable to a married woman, nor can that objection prevail against a covenant to pay money or to do any other act. But in this case it is said the defendant’s covenant is void, because the indenture contains reciprocal covenants by Mrs. Hawkins, for the breach of which the defendant could have no action. If this were a parol agreement, in which the mutual promises of the parties formed the consideration, to an action on the agreement, by Hawkins and wife, it might be objected that the agreement was void for want of consideration. But the deed imports a consideration, and the verdict shows that the plaintiffs have, in fact, kept the wife’s cove *272 nant. If they had not, the jury might have given to the defendant the benefit of the plaintiffs’ covenant, by finding a verdict for him. The defence has no merit that the defendant may break his covenant, not because the plaintiff and his wife have not kept their covenant, but because if hereafter they should neglect or refuse to do so, the defendant would have no action. This conclusion is not altogether true, for there may be a remedy against the husband, on the covenant of his wife, if he has received benefit from the covenant, as in the case of White v. Cuyler, 6 Term R. 176. A married woman, without any authority from her husband, engaged a servant, and agreed by deed to pay her so much a year. It was held the wife’s deed was void, but as the servant had performed the stipulated services, the husband was liable, in assumpsit; and the deed was admitted in evidence of the contract. No case has been shown to support the position that a covenant made to a married woman, by indenture, is void, if it contain covenants on her part. Disability is a personal defence. The infancy of the plaintiff is no defence to an action on a contract made with the infant. In Platt on Covenants, 113, the case of Farnham v. Atkins, 1 Sid. 446, is stated to have decided that, notwithstanding an action, will not lie against an infant apprentice, yet it may be maintained against the master or mistress, on the covenant entered into with the infant apprentice to find meat and drink. Such an indenture is not merely voidable, but void with respect to the infant, and cannot be distinguished from an indenture with a married woman.
The legal representative of Hawkins cannot demand damages for the breach complained of. A bond or covenant to a married woman will survive to her, if it be not assigned or reduced into possession by the husband during his life. The agreement in the indenture is, that Rembert should give to Mrs. Hawkins the services of the girl for a certain time, in consideration that Mrs. Hawkins, who was a milliner, should teach the girl to sew. The indenture could not have been assignable by Hawkins, for he could not, without breaking his wife’s covenant to teach the girl, have sold or transferred the girl to another, nor could Hawkins, by any act of appropriation, have divested the interest which his wife had in the services of the girl. He could possess the use of the girl and the profits of her labor during his life time, and that was all he could have. Besides, the breach complained of in this action occurred after Hawkins’ death, and his legal representative cannot maintain the action. The motion is refused.
The whole Court concurred.'

Motion refused.